Ronald Lee Rhodes
Reg. No. #34538
LCF P.O. Box 2
Lansing, Kansas 66043-0002

Ralph L. DeLoach, Clerk
United States District Court
444 S.E. Qunicy
Topeka, Kansas 66683

LEGAL MAIL
LEGAL MAIL
LEGAL MAIL
LEGAL MAIL
LEGAL MAIL
MAIL
LEGAL

RECEIVED
OCT 02 1998
CLERK U.S. DIST. COURT
TOPEKA, KANSAS 66683

Ronald Lee Rhodes - #34538
Name
LCF P.O. Box 2

Lansing, Kansas   66043-0002
Address

**FILED**
OCT 2 1998
RALPH L. DeLOACH, Clerk
By _____ Deputy

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD LEE RHODES, Plaintiff
(Full Name)

v.

GREG SCHAFFER, COLLETTE WINKELBAUER, MIKE NEVE, DAVE MENGHINI, JOSEPH MENGHINI, JERRY RYAN, MARK JONES AND WILLIAM MINNER Defendant(s)

CASE NO. 98-3323-GTV

(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. §1983

## A. JURISDICTION

1) Ronald Lee Rhodes, is a citizen of Kansas
   (Plaintiff)                    (State)
   who presently resides at LCF, P.O. Box 2, Lansing, Kansas 66043-0002.
                            (Mailing address or
   Lansing Correctional Facility.
   place of confinement)

2) Defendant Greg Schaffer is a citizen of
            (Name of first defendant)
   Lansing, Kansas, and is employed as
   (City, State)
   Impact Design, Inc., Supervisor (Hiring) At the time the claim(s)
   (Position and title, if any)
   alleged in this complaint arose, was this defendant acting under color of state law? Yes [X]  No [ ]. If your answer is "Yes", briefly explain: Defendant performs his duties as an individual in a private capacity as personnel supervisor of a private industry business operating on the grounds of a Kansas Correctional Facility.

XE-2   8/82        CIVIL RIGHTS COMPLAINT (42 U.S.C. §1983)

1

Additional Page Outlining Jurisdiction of name Defendants.

3. Defendant **Mike Neve** is a citizen of **Lansing, Kansas/Leavenworth, Kansas 66048**, and is employed as **Classification Chairman KDOC (Lansing Correctional Facility)**. At the time the claim(s) alleged in this compliant arose was this defendant acting under color of state law? **YES. Defendant was acting in official capacity performing individual function as a representative of and for a private industry business (Impact Design, Inc.,) operating on the grounds of a correctional facility.**

4. Defendant **Dave Menghini** is a citizen of **Lansing, Kansas/Leavenworth, Kansas/ Kansas City, Kansas** and is employed as the **owner of a privately owned close corporation (Impact Design, Inc.,)**. At the time the claim(s) alleged in this complaint arose was this defendant acting under color of state law? **YES. Defendant was acting in his private capacity as private employer and owner for and of Impact Design, Inc., (private close corporation) business for profit, operating on the grounds of a correctional facility.**

5. Defnndant **Joseph Menghini** is a citizen of **Lansing, Kansas/Leavenworth, Kansas/ Kansas City, Kansas** and is employed as the **owner of a privately owned close corporation (Impact Design, Inc.,)**. At the time the claim(s) alleged in this complaint arose was this defendant acting under color of state law? **YES. Defendant was acting in his private capacity as private employer and owner for and of Impact Design, Inc., (private close corporation) business for profit, operating on the grounds of a correctional facility.**

6. Defendant **Jerry Ryan** is a citizen of **Topeka, Kansas** and is employed as the **Supervisor of Compliance for The Kansas Human Rights Commission**. At the time the claim(s) alleged in this complaint arose was this defendant acting under color of state law? **YES. Defendant was acting in his official capacity as the Supervisor of Compliance with the Kansas Human Rights Commission and performing duties as proscribed by state law under his official title.**

7. Defendant **Mark Jones** is a citizen of **Topeka, Kansas** and is employed as the **Housing Supervisor for The Kansas Human Rights Commission**. At the time the claim(s) alleged in this complaint arose was this defendant acting under color of state law? **YES. Defendant was acting in his official capacity as the Housing Supervisor with the Kansas Human Rights Commission and performing**

**PLEASE SEE OVER ON BACK OF PAGE FOR ADDITIONAL INFORMATION**

      **duties as proscribed by state law under his official title.**

8. Defendant **William Minner** is a citizen of **Topeka, Kansas** and is employed as **Executive Director of The Kansas Human Rights Commission.** At the time the claim(s) alleged in this complaint arose was this defendant acting under color of state law. **YES. Defendant was acting in his official capacity as the Executive Director with the Kansas Human Rights Commission and performing duties as proscribed by state law under his official title.**

3)  Defendant __Collette Winkelbauer__ is a citizen of
    _(Name of second defendant)_
    __Lansing, Kansas/ Leavenworth, Kansas 66048__, and is employed as
    _(City, State)_
    __Correctional Counselor Manager__. At the time the claim(s)
    _(Position and title, if any)_
    alleged in this complaint arose was this defendant acting
    under color of state law? Yes [X]  No [ ]. If your answer
    is "Yes", briefly explain: __Defendant was acting in official capacity__
    __and for__
    __performing individual function as a representative of a private industry__
    __business operating on the grounds of a correctional facility.__

    (Use the back of this page to furnish the above infor-
    mation for additional defendants.) __ADDITIONAL PAGE FOR AND__
    __PLEASE SEE ADDITIONAL JURISDICTIONAL STATEMENT OF DEFENDANTS.__

4)  Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42
    U.S.C. §1983. (If you wish to assert jurisdiction under dif-
    ferent or additional statutes, you may list them below.)
    __42 U.S.C. § 1981; 42 U.S.C. § 1985; 42 U.S.C. § 1986; Title VII of the Civil__
    __Rights Act of 1964; 42 U.S.C. § 2000e et seq.,__    __Kansas Act Against Discrimi-__
    __nation and 42 U.S.C. § 1988__

## B. NATURE OF THE CASE

1)  Briefly state the background of your case.

    Plaintiff Ronald Lee Rhodes is an inmate at the Lansing Correctional
    Facility.
    Plaintiff brings forth this claim against the named defendants because
    he was discriminated against because of his race and denied employment
    with a privately owned close corporation located and operating on the
    grounds of the Lansing Correctional Facility, LCF P.O. Box 2, Lansing,
    Kansas 66043-0002. Plaintiff states that the named defendants acted
    in concert to first violate __The Kansas Act Against Discrimination (Chapter__
    __44, Art. 10, K.S.A.); Title VII of the Civil Rights Act of 1964.__
    Plaintiff further brings forth this claim against the other named defendants
    because they acted in concert and conspired to cover-up the acts of discri-
    mination committed by __Impact Design, Inc., and it's representatives__ by
    intentionally mis-stating the law and failing to properly investigate
    such claim of discrimination. Thereby Administratively closing plaintiff's
    complaint without proper legal premise, while treating plaintiff differently
    from another inmate similarly situated that    filed the same such complaint.

-2-

XE-2   8/82

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8½" x 11") to explain any allegation or to list additional supporting facts.)

A)(1) Count I: <u>Plaintiff alleges that defendants violated his rights against discrimination and denied employment because of his Race and labeled as a "prolific litigator". Against the 1st. and 14th Amendments.</u>

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)
Plaintiff alleges and states that defendants' Collette Winkelbauer and Mike Neve acted to practice discrimination against plaintiff because of his Race and his right To practice his first amendment right.
On September 1997 plaintiff submitted an application with an attached resume seeking an interview with a privately owned close corporation (Impact Design Inc.,) operating on the grounds of the Lansing Correctional Facility. Plaintiff was denied such interview at the same time a caucasian inmate was granted one, whom did not meet the criteria for such interview.

B)(1) Count II: <u>Plaintiff alleges and states that Impact Design, Inc., and it's representatives violated the Kansas Act Against Discrimination; Title VII of the Civil Rights Act of 1964.</u>

(2) Supporting Facts: I. Plaintiff have made application for a position with defendants (Impact Design, Inc., Personnel) in about January 1998.

    A. In about January, 1998, I was not hired for a position with the defendants. I was told that I interviewed well. However, a caucasian applicant who did not meet the criteria was hired for the position

II. Plaintiff alleges and charge Impact Design, Inc., and it's representatives with a violation of the Kansas Act Against Discrimination. I was singled out for adverse differential treatment compared to similarly situated Caucasian applicants in that I was denied employment because of my race, African American and because I am a litigant (Paralegal).

-3-

C)(1) Count III: <u>Plaintiff alleges and states that defendants named as members of the Kansas Human Rights Commission acted in concert and conspired to cover up plaintiff's claim of discrimination by intentionally</u> mis-applying state law and failing to investigate their own drafted complaint against Impact Design, Inc., and it's representatives.

(2) Supporting Facts:
Plaintiff states that the Kansas Human Rights Commission executed and drafted the complaint against Impact Design, Inc., and it's Representatives based on the information they requested including jurisdiction before drafting the complaint. After mediation session and request for such session failed. The Commission Administratively Closed the complaint. Stating that case law and the Kansas Act Against Discrimination did not cover the defendants Impact Design, Inc., and it's representatives because they were under the control/supervision of the Department of Corrections and that this privately owned closed corporation was a contract employer for the KDOC. This was an intentional misapplication of state and administrative law in an effort to cover up defendants discriminatory practices.

D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ No ☒. If your answer is "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   a) Parties to previous lawsuit:

      Plaintiffs: __N/A__

      Defendants: __N/A__

   b) Name of court and docket number __N/A__

   c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) __N/A__

   d) Issues raised __N/A__

-4-

XE-2   8/82

    e) Approximate date of filing lawsuit    N/A

    f) Approximate date of disposition    N/A

2) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C. Yes ☒ No ☐. If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

1. Filed a grievance to receive an initial interview against prison officials.
2. Contacted the Kansas Human Rights Commission and they filed their complaint against Impact Design, Inc., and it's representatives. Later closed complaint.
3. Requested mediation through Midland Settlement and Mediation Services.
4. Filed appeal review to the Equal Employment Opportunity Commission.

### E. REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

A. Request Declaratory Judgment declaring the rights of the parties.

B. Request Compensatory damages not to exceed $10,000.00 (Ten Thousand dollars) for actual injury and compensation for wages plaintiff would have earned, from each defendant held liable for violating plaintiff's rights against discrimination.

C. Request Punitive damages not to exceed $10,000.00 (Ten Thousand dollars) for mental pain and suffering from each defendant held liable for practicing discrimination against plaintiff.

D. Request compensation of Attorney Fees and costs to litigate plainiff's complaint without legal assistance.

_____NONE_____  
Signature of Attorney (if any)

_Ronald Lee Rhodes_  
Signature of Petitioner

_____N/A_____

(Attorney's full address and telephone number)

-5-

XE-2   8/82

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares (or certifies, verifies, or states) under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. § 1746. 18 U.S.C. § 1621.

Executed at **Lansing Correctional Facility** on **September 25,**, 19 **98**.
                (Location)           (Date)

*Ronald Lee Rhodes*
(Signature)

-6-

XE-2   8/82