ENTERED ON THE DOCKET
DATE: 3/20/02

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

2002 MAR 20 A 10: 11

RALPH L. DELOACH
CLERK
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD L. RHODES, )
 )
       Plaintiff, )
 ) CIVIL ACTION
vs. ) No. 98-3323-GTV
 )
GREG SCHAEFER, et al., )
 )
 )
       Defendants. )
 )

**MEMORANDUM AND ORDER**

This matter comes before the court on a civil action filed pro se by a prisoner in the custody of the Secretary of the Kansas Department of Corrections. Plaintiff commenced this action against three employees of Impact Design, Inc., a private employer operating a business on the grounds of the Lansing Correctional Facility, two employees of the Kansas Department of Corrections, and members of the Kansas Civil Rights Commission.

By an earlier order, the court granted the motion to dismiss filed on behalf of the defendants employed by the Kansas Civil Rights Commission. This matter is presently before the court on the motion to dismiss filed by the employees of the Kansas Department of Corrections (Doc. 50) and on the motion for summary judgment filed by the employees of Impact Design (Doc. 53).

57

AO 72A
(Rev.8/82)

**Factual Background**

Plaintiff is an inmate incarcerated under a life sentence and housed at the Lansing Correctional Facility, Lansing, Kansas (LCF).

Impact Design, Inc. (Impact) has a contractual relationship with the State of Kansas under which Impact leases building space at LCF to operate its business. The Kansas Department of Corrections provides Impact Design with a labor pool comprised of inmates. Defendant Mike Neve, classification administrator at LCF, is responsible for review and recommendation of inmate participation in programs. In June 1997, defendant Neve issued an interdepartmental memorandum establishing the employment criteria for Impact. (Doc. 30, Ex. A.).

Defendant Colette Winkelbauer, a Unit Team Manager at LCF, conducted a preliminary screening of plaintiff's eligibility under these criteria and determined he was ineligible. By correspondence dated September 15, 1997, plaintiff sought review of this decision. Defendant Winkelbauer reconsidered plaintiff's eligibility and determined there was an error. As a result, she sent plaintiff's application to Impact on September 23, 1997. (Id., Ex. C.) Plaintiff was interviewed by representatives of Impact in or about 1998 but was not accepted for

2

assignment.  (Id., Ex. E.)

In June 1998, plaintiff wrote to defendant Winkelbauer advising her that the KHRC had filed a complaint on his behalf alleging racial discrimination.  He sought a copy of his earlier correspondence to her.  (Id., Ex. F.)  After review, the KHRC administratively closed the charge for lack of jurisdiction, and plaintiff did not seek reconsideration or appeal under state law provisions for judicial review of agency action.

Under the agreement between Impact and the Kansas Department of Corrections, the State of Kansas has exclusive authority to decide which inmates may be interviewed by Impact, and all inmates assigned must pass a security clearance.  The Department of Corrections provides corrections officers to supervise inmates assigned to Impact.  Payment for inmate work is made to the Department of Corrections, which deducts payments for such costs room and board, training, and victim restitution; inmate workers receive a credit of $35.00 for purchases at the prison canteen.  The Department of Corrections may direct the removal of any inmate from assignment to Impact, may halt production at Impact, and issues guidelines for discharge from assignment to Impact.  Inmates assigned to Impact are considered wards of the state and are not eligible for unemployment compensation.

3

Plaintiff brings the present action alleging violations of the Kansas Act Against Discrimination (KAAD) and Title VII (Doc. 1, p.2.)

### Discussion

**Department of Corrections defendants**

Defendants Winkelbauer and Neve move for dismissal and allege plaintiff's claim under Title VII should be dismissed because he lacks standing to pursue a charge of discrimination under Title VII. They contend plaintiff's relationship with the Department of Corrections arises from his status as a prisoner.

These defendants also allege plaintiff's claim of conspiracy fails because he has no employment relationship with them and because, even assuming standing under Title VII, he has failed to adequately plead a conspiracy and an actual deprivation of protected rights.

The court may grant a motion to dismiss pursuant to Rule 12(b)(6) where it appears beyond a doubt the plaintiff is unable to prove any set of facts entitling him to relief, Conley v. Gibson, 355 U.S. 41, 45-46 (1957), or where an issue of law is dispositive, Neitzke v. Williams, 490 U.S. 319, 326 (1989). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." Swanson v. Bixler, 750 F.2d 810,

813 (10th Cir.1984)(citation omitted). The court views all reasonable inferences in favor of the plaintiff and liberally construes the pleadings. Id. (citation omitted). However, the court should not assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." Associated General Contractors v. California State Council of Carpenters, 459 U.S. 519, 526 (1983) (footnote omitted).

The resolution of plaintiff's claims against defendants Neve and Winkelbauer under Title VII turns upon whether there is an employment relationship between these parties.

The most instructive precedent in the Tenth Circuit addressed a Title VII claim by a federal prisoner against prison officials. In Williams v. Meese, 926 F.2d 994 (10th Cir. 1994), the Tenth Circuit concluded the plaintiff enjoyed no substantive rights under Title VII because the relationship between him and the defendant correctional officers arose from plaintiff's status as an inmate, rather than as an employee. The court explained its reasoning as follows:

> We conclude that plaintiff is not an "employee" under ... Title VII ... because his relationship with the Bureau of Prisons, and therefore, with the defendants, arises out of his status as an inmate, not an employee. Although his relationship with defendants may

5

contain some elements commonly present in an employment relationship, it arises "from [plaintiff's] having been convicted and sentenced to imprisonment in the [defendants'] correctional institution. The primary purpose of their association [is] incarceration, not employment." Prisoner Not Protected From Racial Job Bias, 2 Empl.Prac.Guide (CCH) 6865, at 7099 (April 18, 1986)(EEOC Decision No. 86-7). Since plaintiff has no employment relationship with defendants, he cannot pursue a claim for discrimination against them under ... Title VII.... Id. at 997.

The court has studied the present record in light of this analysis and concludes there was no employment relationship between defendants Neve and Winkelbauer and plaintiff. Defendant Winkelbauer screened plaintiff's application for compliance in the course of her employment as a corrections officer, and defendant Neve issued the guidelines in his capacity as the Classification Administrator. All contact between plaintiff and defendant Winkelbauer arose from his status as an inmate assigned to her in her capacity as a Unit Team Manager. Thus, as in Williams, the primary function of their association was the management of plaintiff's activity as a prisoner.

The court therefore concludes plaintiff cannot pursue claims against these defendants under Title VII and that their motion to dismiss must be granted.

6

**Impact defendants**

Defendants Greg Schaefer[1], Dave Menghini, and Joseph Menghini move for summary judgment. Defendant Schaefer was a supervisor at Impact from August 1996 to June 1999. Defendants Joseph and David Menghini are employed by Impact as Vice Presidents. These defendants seek summary judgment on the grounds that plaintiff is not an employee as defined by Title VII or the KAAD, that they are not proper parties under either provision, and that because plaintiff failed to exhaust administrative remedies, he may not proceed under the KAAD.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the initial burden of showing there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). All facts and reasonable inferences are viewed in the light most

---

[1] Defendant Schaefer's name has been spelled "Schaffer" in some pleadings. Schaefer's attorney has provided the correct spelling, and this order uses that spelling.

7

favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pueblo of Santa Ana v. Kelly, 104 F.3d 1546, 1552 (10th Cir.1997).

If the moving party meets its initial burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56(e)). The non-moving party may not rest on bare allegations but instead must advance specific facts establishing a genuine issue for trial. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

The court first considers defendants' claim that they are not proper parties under Title VII or the Kansas Act Against Discrimination. It is settled in the Tenth Circuit that liability under Title VII liability is borne by employers and not by individual supervisors. "Under Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate." Haynes v. Williams, 88 F.3d 898, 899 (10th Cir. 1996). See also Sauers v. Salt Lake County, 1 F.3d 1122, 1125 (10th Cir.1993)("'The relief granted under Title VII is against the employer, not individual employees

whose actions would constitute a violation of the Act.'")(quoting Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir.1991)). The same reasoning applies with equal force to claims brought under the KAAD. Davidson v. MAC Equipment, 878 F.Supp. at 187-88.

Plaintiff's complaint does not name Impact Design as a defendant. The complaint describes defendant Schaefer as "perform[ing] his duties as an individual in a private capacity as personnel supervisor of a private industry business operating on the grounds of a Kansas Correctional Facility." (Doc. 1, p. 1.) Each of the Menghini defendants is described as "acting in his private capacity as private employer and owner for and of Impact Design, Inc., (private close corporation) business for profit, operating on the grounds of a correctional facility." (Doc. 1, p. 2, pars. 4-5.)

Thus, to the extent plaintiff proceeds against these individual defendants, he has failed to identify proper parties under Title VII.

Defendants next assert that plaintiff is not an employee as that term is defined by either Title VII or the KAAD.

It is settled in this Circuit that a prisoner employed in prison industries is not an "employee" under Title VII.

9

AO 72A
(Rev.8/82)

Williams v. Meese, 926 F.2d at 997. The Tenth Circuit has also stated, in examining whether state prisoners were "employees" under the Fair Labor Standards Act, that "the economic reality test was not intended to apply to work performed in the prison by a prison inmate." Franks v. Oklahoma State Industries, 7 F.3d 971, 973 (10th Cir. 1993). Here, however, the court must consider whether this case law extends to the plaintiff, a prisoner who sought work in a private industry operated on prison premises.

It is uncontroverted that the Kansas Department of Corrections exerts considerable control over the assignment of inmates to Impact at LCF. The Department establishes the criteria for eligibility for assignment, screens applications for assignment to Impact, provides corrections officers who supervise inmates as needed, and is the direct recipient of Impact's payroll. The Department retains some funds from Impact's payroll for certain identified purposes, including victim restitution and reimbursement for public assistance provided to inmates' families; inmates receive only a $35.00 credit at the prison canteen. The Department may terminate a prisoner's assignment to Impact and may discipline a prisoner who terminates his assignment with Impact before completing one

year. If a facility lockdown is necessary, the Department determines whether inmate workers may report to Impact during that time. These circumstances militate in favor of a finding that the plaintiff's assignment to Impact should be viewed no differently than the more traditional prison work assignments considered in <u>Williams v. Meese</u> and <u>Franks v. Oklahoma State Industries</u>.

The court also finds persuasive the case law developed by the courts which have considered, and rejected, the argument that prisoners assigned to private industry operating on prison premises may be viewed as employees under the Fair Labor Standards Act. See <u>Gilbreath v. Cutter Biological, Inc.</u>, 931 F.2d 1320, 1325-26 (9th Cir. 1991)(inmates working in private plasma center inside prison were not covered by FLSA); <u>Alexander v. Sara, Inc.</u>, 721 F.2d 149, 150 (5th Cir. 1983)(inmates working in private, for-profit laboratory inside prison were not covered by FLSA); and <u>Sims v. Parke Davis & Co.</u>, 334 F.Supp. 774, 782 (E.D.Mich.)(inmates working at private drug clinic inside prison were not covered), <u>aff'd</u>, 453 F.2d 1259 (6th Cir. 1971), <u>cert. denied</u>, 405 U.S. 978 (1972). <u>Compare</u> <u>Watson v. Graves</u>, 909 F.2d 1549 (5th Cir. 1990)(prisoners in work release programs working for private employers were employees entitled to minimum wage

coverage under FLSA).

Having considered the arguments made by the parties and the relevant case law, the court is persuaded that the degree of control exercised by the Department of Corrections in all aspects of the assignment of inmates to Impact at LCF outweighs those aspects of plaintiff's assignment to Impact which might suggest the existence of an employment relationship protected by Title VII. The court concludes plaintiff does not have standing to proceed as an "employee" as defined by Title VII.

Finally, this court need not reach the issue of whether plaintiff is an "employee" under KAAD, as it finds plaintiff has failed to properly exhaust administrative remedies. "Before a plaintiff may litigate any KAAD claims in court, plaintiff must first receive an unfavorable determination from the KHRC, file for reconsideration of that unfavorable determination and then receive a denial of the reconsideration application." Davidson v. MAC Equipment Co., 878 F.Supp. 186, 189 (D.Kan. 1995)(citation omitted); K.S.A. 44-1010("No cause of action arising out of any order or decision of the commission shall accrue in any court to any party unless such party shall petition for reconsideration as herein provided.") The record demonstrates the KHRC administratively closed plaintiff's case

AO 72A
(Rev.8/82)

and that plaintiff failed to seek reconsideration of that decision.

### Conclusion

For the reasons set forth, the court concludes the plaintiff is not entitled to proceed on his claims under Title VII and the KAAD. The court grants the pending motions to dismiss and for summary judgment and orders that this matter be dismissed and all relief denied.

IT IS, THEREFORE, BY THE COURT ORDERED the motion to dismiss of defendants Neve and Winkelbauer (Doc. 50) is granted.

IT IS FURTHER ORDERED the motion for summary judgment of defendants Schaefer, Menghini, and Menghini (Doc. 53) is granted.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 20th day of March, 2002.

G. T. VANBEBBER
United States Senior District Judge

AO 72A
(Rev.8/82)